FILED

05 AUG -9 AM 11: 35

WILLIAM BLUMENTHAL
General Counsel

ROSEMARY ROSSO
SHIRA D. MODELL
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Drop NJ-3212
Washington, D.C. 20580
Tel: (202) 326-2174, -3116
Fax: (202) 326-3259

Attorneys for Plaintiff,
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Hon. 2:05-cv-377-FtM-33 DNf |
| Plaintiff, | Civil Action No. |
| v. | STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF AS TO DEFENDANTS EMERSON DIRECT, INC. d/b/a COUNCIL ON NATURAL HEALTH AND MICHAEL J. CONNORS |
| EMERSON DIRECT, INC. d/b/a COUNCIL ON NATURAL HEALTH, MICHAEL J. CONNORS, THOMAS DE BLASIO, M.D., and SHERRY BRESNAHAN, D.C. | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") filed a Complaint for permanent injunction and other relief against Emerson Direct, Inc., d/b/a Council on Natural Health, and Michael J. Connors ("Stipulating Defendants") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Stipulating Defendants deny the allegations in the Complaint, except jurisdictional facts, but are willing to agree to the entry of the following Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief ("Order").

The Commission and Defendants have stipulated to the entry of the following Order in settlement of the Commission's Complaint against Defendants. The Court, being advised in the premises, finds:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties. Venue in the Middle District of Florida is proper.

2. The Complaint states a claim upon which relief can be granted, and the Commission has the authority to seek the relief it has requested.

3. The activities of Defendants are in or affecting commerce, as defined in 15 U.S.C. § 44.

4. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claims that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

5. Each party shall bear its own costs and attorneys' fees.

6. Entry of this Order is in the public interest.

7. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants, and their officers, agents, servants, employees and all other persons or entities in active concern or participation with them, who receive actual notice of this Order by personal service or otherwise.

8. This Order resolves only claims against the named Defendants and does not preclude the United States or the Commission from initiating further action or seeking any remedy against any other persons or entities, including without limitation, persons or entities who may be subject to portions of this Order by virtue of actions taken in concert or participation with Defendants, and persons or entities in any type of indemnification or contractual relationship with the Defendants.

9. The Commission and Stipulating Defendants stipulate and agree to this Final Order, without trial or final adjudication of any issue or law or fact, to settle and resolve all matters in dispute with the Stipulating Defendants arising from the Complaint to the date of entry of this Final Order. By stipulating to this Final Order, the Stipulating Defendants do not admit any of the allegations set forth in the Complaint, other than jurisdictional facts.

10. This Order does not constitute, and shall not be interpreted to constitute, an admission by Stipulating Defendants or a finding by the Court that Stipulating Defendants have engaged in any violations of law.

11. This Order was drafted jointly by the Commission and the Stipulating Defendants, and reflects the negotiated agreement of the parties.

12. The paragraphs of this Order shall be read as the necessary requirements for compliance, and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated.

For purposes of this Order, the following definitions shall apply:

1. "Emerson Direct" shall mean Emerson Direct, Inc., d/b/a Council on Natural Health, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees.

2. "Connors" shall mean Michael J. Connors, individually and in his capacity as a director or officer of Emerson Direct.

3. "Stipulating Defendants" shall mean Emerson Direct and Connors, whether acting individually or together.

4. "Smoke Away" shall mean the "Smoke Away System" and any other smoking cessation product or program.

5. "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective

manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

6. "Food" and "drug" shall mean as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

7. "Commerce" shall mean as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

8. "Covered product" shall mean Smoke Away or any food, drug or dietary supplement.

9. The term "including" in this Order shall mean "without limitation."

10. The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

11. "Endorsement" shall mean as defined in 16 C.F.R. § 255.0(b).

## CONDUCT PROHIBITIONS
## REPRESENTATIONS AND ENDORSEMENTS
### I.

IT IS HEREBY ORDERED that the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, representatives, employees, attorneys, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Smoke Away, are hereby permanently restrained and enjoined from making any representation, in any manner, expressly or by implication, about the absolute or comparative benefits, performance, efficacy, safety, or side effects of such program or product, including but not limited to any representation that:

A. Such program or product:

      1.     Enables smokers to quit smoking in 7 days or less;

      2.     Enables smokers to quit smoking quickly, effortlessly, and permanently;

      3.     Eliminates nicotine cravings; or

      4.     Is more effective than nicotine patches, nicotine gum and prescription medications for smoking cessation; or

   B.     Smokers who use such program or product have no withdrawal symptoms and no side effects, such as weight gain, insomnia or tension;

unless the representation, including any such representation made through the use of endorsements or trade names, is true, non-misleading, and, at the time it is made, the Stipulating Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## II.

IT IS FURTHER ORDERED that the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, are hereby permanently restrained and enjoined from making any representation, in any manner, expressly or by implication, about the absolute or comparative benefits, performance, or efficacy, of such covered product unless, at the time it is made, the Stipulating Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation, including any such representation made through the use of endorsements or trade names.

## III.

IT IS FURTHER ORDERED that the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers,

1 agents, servants, employees and all persons or entities in active concert or participation with
2 them who receive actual notice of this Order, by personal service or otherwise, in connection
3 with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or
4 distribution of any covered product, are hereby permanently restrained and enjoined from
5 misrepresenting, in any manner, expressly or by implication, that any person, organization or
6 group is an expert with respect to the endorsement message provided by that person,
7 organization or group.

## REFUND CLAIMS

### IV.

IT IS FURTHER ORDERED that the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, representatives, employees, attorneys, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Smoke Away are hereby permanently restrained and enjoined from:

A.  Misrepresenting, in any manner, expressly or by implication, that any entity will refund costs associated with a purchase, or any other material aspect or condition of any entity's refund policy, including, but not limited to, failing to disclose any material condition of, qualification of, requirement for, or limitation to a refund; and

B.  Failing to provide a full refund of the purchase price of a product, including any shipping costs, insurance, handling, or any other fee or charge paid by the consumer, within seven (7) business days of the acceptance by the Stipulating Defendants, after a reasonable opportunity for inspection, of the merchandise returned by the consumer for a refund pursuant to any money-back guarantee offer made by the Stipulating Defendants; *provided, however,* that the

Stipulating Defendants may deduct a service charge or other fee such as shipping and handling costs only if the Stipulating Defendants have disclosed that such deductions will be made, clearly and conspicuously and in close proximity to the money-back guarantee made by the Stipulating Defendants.

## FDA APPROVED CLAIMS

### V.

IT IS FURTHER ORDERED that:

A. Nothing in this Order shall prohibit the Stipulating Defendants from making any representation for any drug that is permitted in labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and

B. Nothing in this Order shall prohibit the Stipulating Defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

## MONETARY JUDGMENT

### VI.

IT IS FURTHER ORDERED that judgment in the amount of one million three hundred thousand dollars ($1,300,000) is hereby entered in favor of the Commission and against the Stipulating Defendants, jointly and severally. The judgment shall be paid as follows:

A. Payment shall be made within ten (10) days from the date of entry of this Order. Payment shall made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with instructions provided by the Commission not later than five (5) days after the date of entry of this Order.

B. All funds paid pursuant to this Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Stipulating Defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The Stipulating Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph. The Stipulating Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payments under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

C. In accordance with 31 U.S.C. § 7701, the Stipulating Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identifying numbers and/or social security numbers, which may be used solely for purposes of collecting on any delinquent amount arising out of the Stipulating Defendants' relationship with the government.

D. The Stipulating Defendants relinquish all dominion, control, and title to the funds paid into the account established pursuant to this Order, and all legal and equitable title to the funds shall vest in the Treasurer of the United States unless and until such funds are disbursed to consumers. The Stipulating Defendants shall make no claim to or demand for the return of the funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any Stipulating Defendant, the Stipulating Defendants

acknowledge that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

E. Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

**RIGHT TO REOPEN**

**VII.**

IT IS FURTHER ORDERED that:

A. The Commission's agreement to this Order requiring that the Stipulating Defendants be liable for less than the full amount of consumer injury is expressly premised upon the truthfulness, accuracy and completeness of their sworn financial statements and supporting documents submitted to the Commission: (1) the June 25, 2004 Financial Statement of Individual Defendant Michael J. Connors, including attachments A through G thereto, and the June 24, 2004 Financial Statement of Corporate Defendant Emerson Direct, Inc., including attachments A through D thereto; and (2) the information and documents submitted through counsel for the Stipulating Defendants on July 28, 2004, August 11, 2004, August 30, 2004, and February 25, 2005. Such financial statements and supporting documents contain material information upon which the FTC relied in negotiating and agreeing to this Order.

B. If, upon motion by the Commission, this Court finds that the Stipulating Defendants failed to disclose any material asset, or made any other material misrepresentation or omission in the financial statements and related documents described above, the Court shall enter judgment against the Stipulating Defendants, jointly and severally, in favor of the Commission, in the amount of sixty-one million dollars ($61,000,000) in U.S. currency, minus any payments previously made under Part VI of this Order, which amount would be rendered immediately due and payable. For the purposes of this paragraph, the Stipulating Defendants waive any right to contest the allegations in the Complaint filed in this action.

C. Proceedings under this Part VII are in addition to, and not in lieu of, any civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

### NOTICE TO RESELLERS, DISTRIBUTORS, AND SALES AGENTS

### VIII.

IT IS FURTHER ORDERED that the Stipulating Defendants shall:

A. Send, within twenty (20) days of entry of this Order, by first class mail, postage prepaid and return receipt requested, an exact copy of the notice attached hereto as Exhibit A, showing the date of mailing, to each of the Stipulating Defendants' authorized distributors, resellers, or sales agents of Smoke Away. This mailing will notify each such distributor, reseller, or sales agent that the Stipulating Defendants will stop doing business with that distributor, reseller, or sales agent if it uses any advertisement or promotional material containing any representation prohibited by this Order, in the event the Stipulating Defendants become aware that the distributor, reseller, or sales agent, is using or disseminating any such advertisement or promotional material subsequent to receipt of Exhibit A from the Stipulating Defendants. The mailing shall not include any other document or enclosure.

B. For a period of five (5) years following the date of entry of this Order, the Stipulating Defendants shall send by first class mail, postage prepaid and return receipt requested, an exact copy of the notice attached hereto as Exhibit B, showing the date of mailing, to each distributor, reseller, or sales agent with whom the Stipulating Defendants first do business concerning Smoke Away after the date of entry of this Order. The Stipulating Defendants shall send this notice within ten (10) days after first engaging in any transaction concerning Smoke Away. This mailing shall not include any other document or enclosure.

C. Terminate any authorized distributor, reseller, or sales agent within ten (10) days after the Stipulating Defendants become aware that the distributor, reseller, or sales

agent has used any advertisement or promotional material that contains any representation prohibited by this Order after receipt of the notice from the Stipulating Defendants required by subparagraph A or B of this Part.

  D. Provide to the Commission by overnight courier, within thirty (30) days of entry of this Order for the notices required by subparagraph A and within ten (10) days after such notice has been sent for the notices required by subparagraph B, the name and address of each and every distributor, reseller, or sales agent to whom the notices attached as Exhibits A and B are sent.

## COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

### IX.

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order:

  A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants Emerson Direct and Connors each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control which engages in the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any covered product, to inspect the business operation;

  B. In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

    1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

    2. posing as consumers or suppliers to the Stipulating Defendants, the Stipulating Defendants' employees, or any other entity managed or

controlled in whole or in part by the Stipulating Defendants which engages in the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any covered product, without the necessity of identification or prior notice; and

C. The Stipulating Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.

*Provided* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING BY STIPULATING DEFENDANTS

### X.

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of three (3) years from the date of entry of this Order,
   1. Defendant Connors shall notify the Commission of the following:
      a. Any changes in residence, mailing addresses, and telephone numbers of Defendant Connors, within ten (10) days of the date of such change;
      b. Any changes in employment status (including self-employment) of Defendant Connors, and any change in Defendant Connors's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant

1  Connors is affiliated with, employed by, creates or forms, or
2  performs services for; a statement of the nature of the business;
3  and a statement of Defendant Connors's duties and
4  responsibilities in connection with the business or employment;
5     c.   Any changes in Defendant Connors's name or use of any
6  aliases or fictitious names; and
7    2.  The Stipulating Defendants shall notify the Commission of any
8  changes in corporate structure of Emerson Direct or any business entity
9  that Defendant Connors directly or indirectly controls, or has an
10 ownership interest in, that may affect compliance obligations arising
11 under this Order, including but not limited to a dissolution,
12 assignment, sale, merger, or other action that would result in the
13 emergence of a successor corporation; the creation or dissolution of a
14 subsidiary, parent, or affiliate that engages in any acts or practices
15 subject to this Order; the filing of a bankruptcy petition; or a change in
16 the corporate name or address, at least thirty (30) days prior to such
17 change, *provided* that, with respect to any proposed change in the
18 corporation about which the Stipulating Defendants learn less than
19 thirty (30) days prior to the date such action is to take place, the
20 Stipulating Defendants shall notify the Commission as soon as is
21 practicable after obtaining such knowledge.
22 B.  One hundred eighty (180) days after the date of entry of this Order, Defendants
23 Emerson Direct and Connors, each shall provide a written report to the FTC,
24 sworn to under penalty of perjury, setting forth in detail the manner and form
25 in which they have complied and are complying with this Order. This report
26 shall include but not be limited to:
27   1.  For Defendant Connors:
28

    a. The then-current residence address, mailing addresses, and telephone numbers of Defendant Connors;

    b. The then-current employment and business addresses and telephone numbers of Defendant Connors, a description of the business activities of each such employer or business, and the title and responsibilities of Defendant Connors for each such employer or business; and

    c. Any other changes required to be reported pursuant to Subparagraph A of this Section.

  2. For each Defendant:

    a. A copy of each acknowledgment of receipt of this Order obtained by that Defendant pursuant to Paragraph XII;

    b. Any other changes required to be reported pursuant to Subparagraph A of this Section.

C. For purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

  Associate Director for Advertising Practices
  Federal Trade Commission,
  600 Pennsylvania Avenue,
  N.W., Washington, D.C. 20580.
  Re: FTC v. Emerson Direct, Inc. et al., Civil Action No. _____

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants Emerson Direct and Connors.

## RECORD KEEPING PROVISIONS

## XI.

IT IS FURTHER ORDERED that, for a period of six (6) years from the date of entry of this Order, Defendants Emerson Direct and Connors and any business where Defendant

Connors is the majority owner or otherwise controls the business and the business engages, or assists others engaged in, the advertising, marketing, promotion, offering for sale, distribution or sale of any covered product, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and/or retain the following records:

    A.    Accounting records that reflect the cost of any goods or services sold, revenues generated, and disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received directly, indirectly, or though any third party) and any responses to those complaints or requests;

    E.    Copies of all advertisements, promotional materials, sales scripts, training materials, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, distribution or sale of any product or service, to the extent such information is prepared in the ordinary course of business;

    F.    All materials that were relied upon in making any representations contained in the materials identified in Subparagraph E above, including all documents evidencing or referring to the accuracy of any claim therein or to the efficacy of any product or service, including, but not limited to, all tests, reports,

studies, demonstrations, as well as all evidence that confirms, contradicts, qualifies, or calls into question the accuracy of such claims regarding the efficacy of such product or service; and

G. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of all notices sent to resellers, distributors and sales agents pursuant to Part VIII, all reports submitted to the FTC pursuant to Paragraph X, and all acknowledgments of receipt of this Order required by Paragraph XII.

## DISTRIBUTION OF ORDER

## XII.

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants Emerson Direct and Connors shall deliver copies of the Order as directed below:

A. Defendant Emerson Direct must deliver a copy of this Order to all of its principals, officers, directors, and managers. Emerson Direct also must deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. For any business that Defendant Connors controls, directly or indirectly, or in which Defendant Connors has a majority ownership interest, and that business engages, or assists others engaged in, the advertising, marketing, promotion, offering for sale, distribution or sale of any covered product, Defendant Connors must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant Connors must also deliver copies of this Order to all employees, agents, and representatives of that business who

engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C. For any business where Defendant Connors is not a controlling person of a business but he engages in, or assists others engaged in, the advertising, marketing, promotion, offering for sale, distribution or sale of any covered product, Defendant Connors must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D. Defendants Emerson Direct and Connors must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Part.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

### XIII.

IT IS FURTHER ORDERED that Defendants Emerson Direct and Connors, within five (5) business days of receipt of this Order as entered by the Court, must each submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

# RETENTION OF JURISDICTION

## XIV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED:**

*Rosemary Rosso*

ROSEMARY ROSSO
SHIRA D. MODELL

Federal Trade Commission
601 Pennsylvania Avenue, N.W.,
Rm. NJ-3212
Washington, D.C. 20580
(202)326-3259 (facsimile)
Attorneys for Plaintiff

FEDERAL TRADE COMMISSION

EMERSON DIRECT, INC.
By: Michael J. Connors, President

MICHAEL J. CONNORS, individually and an officer or director of Emerson Direct, Inc.

IAN D. VOLNER
Venable LLP
Attorney for Defendants

**SO ORDERED**

DATED: August 10, 2005

UNITED STATES DISTRICT JUDGE